UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GORDON WOODLEY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AETNA HEALTH, INC.; ALASKA AIR GROUP, INC. WELFARE BENEFIT PLAN & TRUST; ALASKA AIRLINES, INC. PENSION/BENEFITS ADMINISTRATIVE COMMISSION,<br><br>　　　　　　　　Defendants. | CASE NO. C08-1612RSM<br><br>ORDER ON PENDING MOTIONS |

Plaintiff Gordon Woodley is the beneficiary of a group health plan provided by his wife's employer and administered by defendant Aetna Health, Inc. ("Aetna"). He filed this action in state court, asserting a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), as well as claims of breach of contract and "detrimental reliance/estoppel." Dkt. # 2, ¶¶ 12-14. Defendants removed the action to this Court on the basis of the ERISA claim, and then filed a motion to limit discovery (Dkt. # 13) and a motion for summary judgment (Dkt. # 15). These motions shall be addressed separately.

I. Motion to Limit Evidence to the Administrative Record (Dkt. # 13)

Defendant contends in this motion that discovery beyond the administrative record is improper and impermissible in this ERISA case. Plaintiff argues in opposition that defendants' assertions are

ORDER ON PENDING MOTIONS - 1

based on the erroneous assumption that this is an "abuse of discretion" case. Plaintiff contends that review in this case will be de novo unless defendants can demonstrate that there was an unambiguous grant of discretion to the plan administrator. According to plaintiff, under a de novo standard of review, broad discovery is appropriate. Plaintiff also asserts that consideration of evidence outside the administrative record is proper to evaluate the conflict of interest that arises when a plan is both funded and administered by the same entity. However, defendants have represented to the Court that the plan here was funded by Alaska Airlines, Inc., and administered by Aetna. The "conflict of interest" analysis therefore would not apply, and extrinsic evidence is not admissible on that basis.

As to the standard of review to be applied to plaintiff's ERISA claim, that remains to be determined. The proper standard of review depends on the language of the plan, together with other factors. If the plan administrator is not empowered by the plan "to determine eligibility for benefits or to construe the terms of the plan," the Court's review is de novo. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, (1989). "But if the plan does confer discretionary authority as a matter of contractual agreement, then the standard of review shifts to abuse of discretion." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir.2006) (*en banc*). "Abuse of discretion review applies to a discretion-granting plan even if the administrator has a conflict of interest." *Id*. at 965. The existence of such a conflict does not change the district court's abuse of discretion standard of review. *See Firestone*, 489 U.S. at 115; *Abatie*, 458 F.3d at 967-68. Even a procedural irregularity in processing an ERISA claim does not necessarily justify de novo review. *Abatie*, 458 F.3d at 972. Rather, "[a] procedural irregularity, like a conflict of interest, is a matter to be weighed in deciding whether an administrator's decision was an abuse of discretion." *Id*. However, where an administrator engages in "wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan as well," de novo review is required. *Abatie*, 458 F.3d at 971.

The plan in effect when a claim is denied governs the plaintiff's claim for benefits and determines the applicable standard of review. *See*, *Shane v. Albertson's, Inc.,* 504 F. 3d 1166, 1169 (9th Cir. 2007); *Grosz-Salomon v. Paul Revere Life Insurance Co.*, 237 F. 3d 1154, 1160 (9th Cir. 2001).

ORDER ON PENDING MOTIONS - 2

The parties are in agreement that this would be the 2007 plan. However, defendants have not yet provided a copy of this plan to the Court or to plaintiff. In reply to plaintiff's assertion that the 2007 plan has not yet been provided as required, counsel declared,

> I discovered that our office inadvertently provided opposing counsel and the Court with the wrong version of the Alaska Air Plan document as an exhibit to our underlying Motion. . . . Upon discovering this mistake, our office has made continuing efforts to try and obtain a copy of the 2007 Plan from Aetna. . . . Upon receipt of the 2007 Plan, we will promptly provide a copy of that document to the Court and all counsel of record.

Declaration of Charles C. Huber, Dkt. # 21, ¶ 4. Subsequently, defendants filed a declaration of an appeals analyst for Aetna Health, stating that she accessed a copy of the 2007 employee benefit plan on the Alaska Airlines website during the appeals process in 2007, but did not retain a copy and, as of June 5, 2009, has not been able to locate one. Declaration of Velecia Jones, Dkt # 28, ¶¶ 2, 3. She states that she believes there has been no substantial change in the relevant language between the 2007 and 2009 versions of the plan. *Id*., ¶ 4. This statement does not substitute for provision of the 2007 plan itself.

Defendants contend that the necessary language conferring authority on the plan administrator to construe the terms of the plan and determine eligibility for benefits is found, not in the plan, but in Section 5 of the administrative services contract between Alaska Air Group Welfare Benefits Plan and Trust and Aetna. Declaration of Charles Huber, Dkt. # 21, Exhibit A. The agreement, dated August 20, 1990, provides that the contract "shall be in effect" from September 1, 1989 to December 31, 1990. A second contract period began on January 1, 1991 and ended on December 31, 1991. The contract renewed for successive periods of twelve months each unless one party gave written notice to the other of intent to terminate the contract. *Id*. p. 9. Two amendments, dated January 13, 2004, and April 29, 2005, are attached. *Id*., pp. 18, 20. While this agreement does appear to contain relevant language ("Contractholder hereby delegates to Aetna authority to make determinations on behalf of the Contractholder with respect to benefit payments under the Plan. . ."), this is not dispositive of the question. The Court cannot find that this incomplete and unauthenticated document is in fact the operative agreement as of 2007. Nor can the Court find that this language necessarily determines the standard of review. For the abuse of discretion standard to apply, the plan must grant to the

ORDER ON PENDING MOTIONS - 3

administrator the power to construe the terms of the plan. *Opeta v. Northwest Airlines Pension Plan*, 484 F. 3d 1211, 1216 (9th Cir. 2007) (*quoting Abatie*, 458 F. 3d at 964. Even where the plan identifies the administrator as solely responsible for deciding claims and providing benefits, "'those provisions merely identify the plan administrator's tasks, but bestowed no power to interpret the plan.'" *Id.*

In light of the above-noted deficiencies in the plan documents available to the Court, the standard of review cannot be determined at this time. However, it is not necessary to determine the applicable standard of review in order to decide the motion to limit discovery, as even under de novo review, discovery would be limited. The Ninth Circuit Court of Appeals has ruled that the district court should exercise its discretion to consider evidence outside of the administrative record "*only* when circumstances *clearly establish* that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." *Id.* at 1217, *quoting Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F. 3d 938, 944 (9th Cir. 1995) (emphasis in original).

Plaintiff has not identified any circumstances which clearly establish the necessity of conducting discovery outside the administrative record. Defendants' motion to limit discovery is accordingly GRANTED.

II. Motion for Summary Judgment (Dkt. # 15)

Defendants contend that plaintiff's case should be dismissed because "he is not entitled to these benefits under any legal theory." Motion for Summary Judgment, Dkt. # 15, p.1. Defendants assert that plaintiff's state law claims are preempted by ERISA, and that his ERISA claim is without merit because under the express terms of the plan he is not entitled to benefits. As to the preemption of state law claims, plaintiff has not opposed the motion, and the motion is accordingly GRANTED as to dismissal of plaintiff's state law claims.

As to plaintiff's ERISA claim, summary judgment is precluded by issues of fact. Plaintiff seeks reimbursement for his expenses incurred in a surgical procedure performed on his cervical spine in Germany. He asserts that he spoke with an Aetna representative who told him to proceed with the proposed surgery in Germany, and that Aetna would cover 60% of the cost. He has filed a sworn declaration to this effect. Declaration of Gordon Woodley, Dkt. # 25. Defendants contend in opposition

ORDER ON PENDING MOTIONS - 4

that plaintiff never contacted the precertification representative to obtain authorization as directed. This is an issue of fact which cannot be resolved on summary judgment.

Defendants contend that the precertification issue is not material because the plain language of the plan excludes coverage for procedures which are experimental or not approved by the Food and Drug Administration ("FDA"). The Court notes that it cannot find that plaintiff is not entitled to benefits under the express terms of the plan, because the operative plan in not in the record at this time. Further, it appears that the original denial was based on the determination that the surgical procedure was "of a non-emergent nature." Huber Declaration, Dkt. # 16, Exhibit B. The denial letter informed plaintiff that "[n]on-emergent services performed out of country are not eligible for coverage." *Id*. On appeal, the basis for denial was changed to cite a provision in the plan which excludes coverage for experimental drugs or substances not approved by the FDA, or experimental or investigational treatments not approved by the American Medical Association. *Id*., Exhibit D, F. This change in basis for denial may be the type of procedural irregularity that the Court must weigh in deciding whether an administrator's decision was an abuse of discretion. *Abatie*, 458 F.3d at 972. Plaintiff may even argue that it is so flagrant as to trigger de novo review. *Id*. at 971. In either case, the precertification issue and the denial letters cannot be said to be immaterial.

The precertification issue—that is, whether plaintiff in fact called and obtained authorization to proceed with the surgery—is also material to another aspect of plaintiff's ERISA claim, namely promissory estoppel. *See, Greany v. Western Farm Bureau Life Insurance Co*., 973 F. 2d 812 (9th Cir. 1992) (setting forth the requirements for a federal common law claim of equitable estoppel in ERISA cases). Defendants contend that plaintiff has asserted this federal common-law estoppel claim for the first time in his opposition to summary judgment. To the contrary, plaintiff asserted "detrimental reliance" and estoppel with respect to the representation of the Aetna representative's statement in his complaint, without limiting it to either state or federal law. Dkt. # 2, ¶ 14. It was not necessary for him to cite to *Greany* in the complaint to invoke its provisions.

Finally, defendants assert that plaintiff's estoppel claim does not meet the requirements set forth in *Greany*, which established that a federal common law claim of equitable estoppel is available in an

ORDER ON PENDING MOTIONS - 5

ERISA case only where the (1) provisions of the plan are ambiguous, and (2) representations were made to the beneficiary involving an oral interpretation of the plan. *Greany*, 973 F. 2d at 821. Defendants contend that the language of the plan provisions is unambiguous. Again, as the relevant plan is not before the Court, the actual language of the 2007 plan cannot be reviewed for ambiguity, and consequently this issue cannot be decided on summary judgment.

Defendants' motion for summary judgment is accordingly DENIED as to plaintiff's ERISA claims.

Dated this 18th day of June, 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON PENDING MOTIONS - 6